# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

WESLEY EVANS ,

Inmate ID Number: 119106 ,

_____ ,

*(Write the full name and inmate ID*
*number of the Plaintiff.)*

**Case No.:** 5:21cv29-TKW MJF

*(To be filled in by the Clerk's Office)*

**v.**

CENTURION OF FLORIDA, LLC ,

Dr. Jo Lay ,

See Attached page 1-A ,

*(Write the full name of each*
*Defendant who is being sued. If the*
*names of all the Defendants cannot*
*fit in the space above, please write*
*"see attached" in the space and*
*attach an additional page with the*
*full list of names. Do not include*
*addresses here.)*

**Jury Trial Requested?**
☑ YES ☐ NO

PROVIDED TO
HOLMES CI

FEB 1 2021   W Evans

FOR MAILING

FILED USDC FLND PN
FEB 2 '21 PM1:47
mYB

Dr. E. Hernandez-Perez
Mr. J. Scott

# I. PARTIES TO THIS COMPLAINT

## A. Plaintiff

Plaintiff's Name: _WESLEY EVANS_          ID Number: _119106_

List all other names by which you have been known: _N/A_

Current Institution: _HOLMES CORRECTIONAL INSTITUTION_

Address: _3142 Thomas Drive, Bonifay, FL. 32425_

## B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: _CENTURION of FLORIDA, LLC_

   Official Position: _Contract Health Care Provider_

   Employed at: _Department of Corrections, Florida_

   Mailing Address: _Paddock Park Professional Center, Buld. 700, Ste. 701,_
   _3200 SW. W. 34th Ave., Ocala, FL. 34474_

   □ Sued in Individual Capacity        ☑ Sued in Official Capacity

2. Defendant's Name: Dr. J. Lay

Official Position: Statewide Medical Director

Employed at: CENTURION of FLORIDA, LLC

Mailing Address: Paddock Park Proffessional Center, Buld. 700, Ste. 701

3200 SW. W. 34th Ave., Ocala, FL. 34474

☐ Sued in Individual Capacity      ☑ Sued in Official Capacity

3. Defendant's Name: Dr. E. Hernandez-Perez

Official Position: Regional Medical Director, Region-1

Employed at: CENTURION of FLORIDA, LLC

Mailing Address: 1203 Governor's Square Blvd., Ste. 600, Tallahassee,

FL. 32301

☐ Sued in Individual Capacity      ☑ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

4. Defendant's Name : Mr. J. Scott
   Official Position : H.S.A. at HOLMES CORRECTIONAL INSTITUTION
   Employed at : CENTURION of FLORIDA, LLC
   Mailing Address : 3142 Thomas Drive, Bonifay, FL. 32425

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)   ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee            ☐ Civilly Committed Detainee

☒ Convicted State Prisoner     ☐ Convicted Federal Prisoner

☐ Immigration Detainee         ☐ Other *(explain below)*:

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.*** You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached. *Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.*

## JURISDICTION & VENUE

1.) This is a civil action for money damages brought under the provisions of section 1331, 1332(a), and 1343(a)(3)(4), of Title 28 and § 1983 of Title 42 of the U.S.C., and the Eighth (8th) Amendment to the United States Constitution, and the common law of the State of Florida. With the amount in controversy exceeding the sum of $75,000.00.

2.) Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343, and 1343(3), for this forum to entertain the inserted constitutional claim(s) within this Complaint, and state claim(s) under Title 28 U.S.C. § 1367(a).

3.) Venue is proper in this Court because while the "wrongful acts" complained of began within Liberty County, Florida, such "acts" have continued here in Holmes County, Florida where the Complaintant is currently residing.

4.) During all times mentioned in this Complaint, the Plaintiff was/is an adult registered alien of the United States, residing in the State of Florida.

5.) During all times mentioned in this Complaint, the Defendants each possessed a contractual obligation to provide adequet health care to those persons incarcerated within the Florida Department of Corrections including but not limited to those persons incarcerated at Liberty & Holmes Correctional Institute and were acting in their official capacity. Yet two will be sued in both their "individual

**Statement of Facts Continued** (*Page  2  of  6  )*

and official capacities.

6.) During all times mentioned in this Complaint, Defendant(s) is acting under "color of State law", that is, under the color of the Constitution, state laws, rules, policies, administrative codes, manual of procedures, and usage of the State of Florida.

7.) During all times mentioned in this Complaint, Defendant(s) acted with a reckless disregard to the health and safety of the Plaintiff, to protect the Plaintiff from the substantial risk of harm, injuries, and the unnecessary and wanton infliction of pain, after being made "clearly aware" of the Plaintiff's condition.

8.) During all times mentioned in this Complaint, Defendant(s) were "aware" of the seriousness of the Plaintiff's pain and intentionally displayed deliberate indifference to the Plaintiff's condition contrary to the prescription of his diagnosis, which resulted in the Plaintiff suffering excruciating pain, severe discomfort, and permanent damages.

9.) During all times mentioned in this Complaint, Defendant(s) were/are bound by Federal and State law to comport with the scope and provisions of the Constitution.

10.) Currently Centurion of Florida, LLC. is under contract with the Florida Department of Corrections to provide the inmate population with the full range of health care services.

**Statement of Facts Continued** *(Page 3 of 6 )*

11.) In August of 2011, Plaintiff arrived at Liberty Correctional Institute.

12.) In the year 2012-13, Plaintiff started experiencing sharp pains in his testicles while walking.

13.) The pains would strike unexpectedly and cause deep pain as of a serious cramp while walking.

14.) The Plaintiff was hereby prevented from playing sports, or exercising in any fashion which hinderence continues as of the date of this Filing.

15.) Plaintiff went to sick call about this problem and was told by the nurse that he would be put on the call out to see the Doctor/Practioner Assistant, i.e. Ms. Salvador, whom would be given his medical file.

16.) Several weeks thereafter, on September 10, 2012, Plaintiff again went to sick call regarding his severe problem with the nurse then advising Ms. Salvador about his pain, yet she refused to see him or prescribe pain medication.

17.) Plaintiff was given over the counter doses of ibuprophen which did not alleviate the pain, and he was left to continue suffering intense agony, all due to Ms Salvador's intentional choice not to examine him and order the proper medication.

18.) On or about October 1, 2012, Plaintiff requested a referral to a specialist which was denied.

19.) Plaintiff continued to petition medical for treatment and medication for pain,

**Statement of Facts Continued** *(Page  4  of  6  )*

with the record Attesting to sick call visits on : 10-5-12 , 2-6-13, 2-16-13, and 3-5-13.
Thereafter and on June 25, 2013, an X-ray was taken and revealed that the left
epididymis contains a 7mm cyst and a 5 mm cyst. The diagnosis was that there was
excessive fluids in his testicles, advising that if said fluids did not recede
the Plaintiff must be transported to the Regional Medical Center for further
treatment, which diagnosis was posted in his medical file.

20.) The Plaintiff's pleas for help have been so completely ignored that there is no
reason to continue his petition.

21.) As a direct result of the Defendant(s) failure to comply with the prescribed
treatment, the Plaintiff has been made to suffer to date, unnecessary and intense
pain

22.) Defendant's, Dr. J. Lay, Dr. E. Hernandez-Perez, and Mr. J. Scott held/
possessed the authority, through their positions as Medical Directors for the
Corporate Defendant to authorize the Plaintiff's transfer to the D.O.C.
Medical Center for the further treatment prescribed.

23.) The above named Medical Directors made their decision not to follow the
prescribed treatment plan, despite knowing the extent of Plaintiff's pain
based solely upon the financial expense of said treatment instead of the
effect such a denial would have on his health, well-being, and general

**Statement of Facts Continued** *(Page 5 of 6 )*

quality of life.

24.) Having grown frustrated and with his administrative remedies exhausted the Plaintiff submitted a Civil Rights Complaint. See case # 4:14 cv 446 - mw/ cas United States District Court, Northern District.

25.) As the record will attest, the Plaintiff was fully committed to the prosecution of his claim, yet in the course of said commitment he experienced a Divine Intervention whereby it was revealed to him that it was best to give the Defendant's further opportunity to correct the problem. Therefore and based on the revelation he voluntarily withdrew his Complaint. See above cited case.

26.) The Plaintiff enjoyed an intermission from the pain for a short time where he was able to function. However, late in 2019, the issue became severe enough to cause him to re-engage the health care provider yet again, requesting the fulfillment of the prescribed treatment. Which request was met with the same deliberate indifference as before.

27.) The above acts and or omissions rise to the level of cruel and unusual punishment and stand as evidence of a willful violation of the Eighth Amendment to the United State Constitution.

28.) After more than seven (7) years of fighting for proper treatment of his

**Statement of Facts Continued** (Page _6_ of _6_ )

health problem, the Plaintiff, having exhausted his administrative remedial process twice feels the Defendants leave him no option but to proceed to the Court for the protection of his privilege(s) under the Eighth Amendment of the United States Constitution.

29.) As a direct result of the Defendants failure to comply with the pre-scribed treatment, as was within the scope of their employment agreement, the Plaintiff has been and continues to be injured, has and continues to suffer damages, permanent damages, compensateable injury and damages, constituting deliberate indifference.

30.) As the Corporate Defendant, CENTURION of FLORIDA has contracted with the FLORIDA DEPARTMENT OF CORRECTIONS to provide health care services to its inmate population, said Defendant's employees are classified as "State Officials" the same as any other employee of that "DEPARTMENT" for purposes of such Civil Rights Litigation as are properly brought through the instant Com-plaint form.

31.) As of the date of this filing, the Plaintiff continues to suffer in agony as the Defendants, from their informed position continue to deny him the treatment prescribed.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section III. If more than one Defendant is named, indicate which claim is presented against which Defendant.

_See Attached pages 7-A & 7-B_

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

_See Attached page 7-B_

## FIRST CAUSE OF ACTION

<u>Statement of Claim</u> :

THE "DELIBERATE INDIFFERENCE" AND "RECKLESS DISREGARD" OF THE DEFEND-
ANTS AS HEREIN DESCRIBED RESULTED IN THE PLAINTIFF SUFFERING THE UNNECES-
SARY AND WANTON INFLICTION OF PAIN, AND PERMANENT DAMAGES IN VIOLATION
OF HIS EIGHTH (8th) AMENDMENT PROTECTION(S) STATING A CAUSE OF ACTION
FOR RELIEF AND LIABILITY.

This Claim is against all four (4) Defendant's and is supported by those
facts found in the incorporated statement of facts. (See numbers 5-30)

## SECOND CAUSE OF ACTION

<u>Statement of Claim</u> :

THE "DELAYED TREATMENT" AND "RECKLESS DISREGARD" OF THE DEFENDANTS
AS HEREIN DESCRIBED RESULTED IN THE PLAINTIFF SUFFERING UNNECESSARY
AND WANTON MENTAL ANGUISH, EMOTIONAL DISTRESS AND HUMILIATION IN
VIOLATION OF HIS EIGHTH (8th) AMENDMENT PROTECTION(S) STATING A
CAUSE OF ACTION FOR RELIEF AND LIABILITY.

This Claim is against all four (4) Defendants and is supported by those facts found in
the incorporated statement of facts. (See numbers 5-30)

## THIRD CAUSE OF ACTION

<u>Statement of Claim</u> :

THE UNNECESSARY DELAYED ACTION AND CALLOUS DISREGARD OF THE DE-
FENDANTS IN THEIR WANTON NEGLECT TO COMPLY WITH THE FULL TREAT-

MENT AS PRESCRIBED BY SPECIALIST AS *HEREIN DESCRIBED* RESULTED IN THE
PLAINTIFF'S CONTINUED SUFFERING "A WORSENING CONDITION" AS WELL AS "A
LINGERING AGONY" IN VIOLATION OF HIS EIGHTH (8th) AMENDMENT PROTECTION-
(S) STATING A CAUSE OF ACTION FOR RELIEF AND LIABILITY.

This Claim is against all four (4) Defendants and is supported by those facts
found in the incorporated statement of facts. (See numbers 5-30)

---

RELIEF SOUGHT :

WHEREFORE, Plaintiff claims judgment against the Defendants for violation of
His Eighth Amendment protections against cruel and unusual punishment and
seeks :

2,000,000.00 in compensatory damages ;
500,000.00 in punitive damages ; and that :

Plaintiff receive His recovery in U.S. currency. In the Alternative, Plaintiff
seeks to enforce liens on the Defendant's possessions until this judgment is fully
satisfied, (i.e. house(s), car(s), property(ies), tax return(s), stock(s), bond(s), etc.)
and that this Court grant any and all relief which it deems just and equitable.

**ATTENTION:** *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).*

## VII.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies *(grievance procedures)* before bringing a case.  42 U.S.C. § 1997e(a).  **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII.   PRIOR LITIGATION

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

□ YES   ☑ NO

If you answered yes, identify the case number, date of dismissal and court:

1. Date: _____ Case #: _____

   Court: _____

2. Date: _____ Case #: _____

   Court: _____

3. Date: _____ Case #: _____

   Court: _____

   *(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case?

☑ YES   □ NO

If you answered yes, identify the case number, parties, date filed, result *(if not still pending)*, name of judge, and court for each case *(if more than one)*:

1. Case #: 4:14cv446-mw/cas  Parties: Mr. Salvador (Defendant)

Court: _Northern District (Tallahassee)_ Judge: _____

Date Filed: _Jan. 01, 2015_ Dismissal Date *(if not pending)*: _____

Reason: _voluntary_ _____

2. Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

☐ YES ☑NO

If you answered yes, identify all lawsuits:

1. Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

2. Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

3. Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

4. Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

5. Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

6. Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

*(Attach additional pages as necessary to list all cases.* ***Failure to disclose all prior cases may result in the dismissal of this case.)***

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct. Additionally, as required by Federal

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.



Date: 2-1-21 Plaintiff's Signature: _Wesley Evans_

Printed Name of Plaintiff: WESLEY EVANS

Correctional Institution: Holmes CoRRectioNAL INSTITUTION

Address: 3142 ThomAs DRIVe

BoNIFAY FLoRIdA 32425-4238

**I certify and declare, under penalty of perjury, that this complaint was**

**(check one)** ☑ **delivered to prison officials for mailing or** ☐ **deposited in**

the prison's mail system for mailing on the _____2_____ day of _____l_____,

20 _Z l_.


Signature of Incarcerated Plaintiff: _Wesley Evans_

Wesley Evans MM06
Holmes Correctional Institution
3124 Thomas Drive
Bonifay Florida
  32425

RECEIVED FEB 2 2021

LEGAL MAIL,

Clerk US District Court
one North Palafox street
Pensacola Florida
  32301-7730

MAILED FROM
A
CORRECTIONAL
INSTITUTION